IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No.

DOUG SAGE,

Plaintiff,

v.

BIRD CITY DAIRY, L.L.C.,

Defendant.

# COMPLAINT

The Plaintiff, by his attorneys, for his Complaint in this action, states as follows:

1. Plaintiff is an individual and resident of Brush, Colorado.

2. Defendant Bird City Dairy, L.L.C. is a limited liability company organized and doing business under the laws of the State of Kansas, with its principal place of business in Cheyenne County, Kansas. Defendant operates a dairy located at 1440 Country Road 32, Bird City, Kansas.

3. Plaintiff is informed and believes that Defendant transacts business within the State of Colorado.

4. The jurisdiction of this court is invoked pursuant to 28 U.S.C. § 1332.

5. On December 14, 2010, one or more employees of the Defendant left open a gate at Defendant's dairy after a truck entered the property to load manure. Several cows escaped out the gate and moved onto or near U.S. Highway 36, which runs along the north side of the dairy.

6. On December 14, 2010, at approximately 7:25 p.m., Plaintiff was operating a 2007 Peterbilt semi-tractor westbound on Highway 36. Plaintiff collided his vehicle with one of the Defendant's cows, which caused severe damage to the vehicle that Plaintiff was operating and severe damage to Plaintiff's person.

7. At the time of the accident, Plaintiff was operating his vehicle prudently, reasonably, lawfully, and safely.

8. The conduct of one or more of the Defendant's employees on the occasion in question in failing to close the gate and allowing the cows to enter the vicinity of a highway was in violation of their duty to Plaintiff and the public at large to prevent livestock from leaving the fenced area of the dairy.

9. The tortious conduct of one or more Defendant's employees on the occasion in question was sufficient to cause, and did cause, Plaintiff severe, permanent, and disabling injuries.

10. The acts and omissions of one or more Defendant's employees occurred in the course and scope of their employment with Defendant.

11. Plaintiff was wearing his seatbelt at the time of the collision which is the basis of this lawsuit.

12. Plaintiff was not negligent on the occasion in question.

13. No third party caused, or contributed to the cause of the accident and Plaintiff's injuries, damages, and losses.

14. Plaintiff has not failed to mitigate his damages.

15. Plaintiff has not been injured in an unrelated matter subsequent to the accident date in question.

## FIRST CLAIM FOR RELIEF
### (NEGLIGENCE)

16. The allegations contained above are incorporated herein.

17. As a direct and proximate result of the negligence of one or more employees of the Defendant on the occasion in question, Plaintiff incurred substantial, serious damages including, but not limited to, physical injuries, lost wages, past, present and future physical pain and suffering, severe mental anguish, loss of the value of his time, and loss of enjoyment of life. Accordingly, Plaintiff seeks general and special damages as a consequence of the injuries and damages suffered as a result of the negligent conduct of Defendant's employees on the occasion in question.

18. As a further direct and proximate result of the negligence of one or more employees of the Defendant on the occasion in question, Plaintiff incurred medical bills, physician bills, lost wages, rehabilitation and therapy bills, medication expenses and other special damages and expenses. Plaintiff's economic damages are still accruing and he will continue to incur medical bills, physician bills, rehabilitation and therapy bills, medication expenses and other special damages and expenses far into the future; if not for the balance of his natural life. Accordingly, Plaintiff seeks economic damages both past and future, in an amount to be proven at trial.

19. Pursuant to the doctrine of *respondeat superior*, Defendant is vicariously liable for the acts and omissions of its employees and the damages incurred by Plaintiff.

## SECOND CLAIM FOR RELIEF
### (VIOLATION OF K.S.A. 47-122 AND 47-123)

20. The allegations contained above are incorporated herein.

21. Pursuant to Kansas Statute Annotated Section 47–122, it is unlawful for any livestock to run at large. Kansas Statute Annotated Section 47–123 provides that any livestock owner in violation of K.S.A. 47–122 shall be liable to the person injured for all damages resulting therefrom.

22. Defendant and its employees and agents failed to exercise reasonable care to prevent the cows from escaping the fenced area of Defendant's premises and running at large on or near a highway.

23. As a result of Defendant's negligence in violating K.S.A. 47–122, Plaintiff suffered damages as previously alleged.

**WHEREFORE,** Plaintiff requests that this Court enter judgment in his favor and against Defendant for damages in an amount to be determined at trial for all general and special damages of not less than $400,000, all necessary costs including, but not limited to, expert witness fees, expenses incurred in the investigation and discovery required to present Plaintiff's claims, pre- and post-judgment interest at the requisite rate, and for such other and further relief as this Court shall deem proper, just and appropriate under the circumstances.

Dated: November 13, 2012

FRANKLIN D. AZAR & ASSOCIATES, P.C.

By: *s/ Robert E. Markel*
Robert E. Markel
14426 East Evans Avenue
Aurora, Colorado  80014
Ph: (303) 757-3300
Fax: (303) 759-5203
Email: markelb@fdazar.com
ATTORNEYS FOR PLAINTIFF

4