IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No. 12-cv-02985-RBJ

DOUG SAGE,

    Plaintiff,

v.

BIRD CITY DAIRY, LLC,

    Defendant.

ORDER

This case comes before the Court on defendant Bird City Dairy, LLC's motion to dismiss for lack of personal jurisdiction. [docket #6]. The plaintiff, Doug Sage, submits that this Court enjoys personal jurisdiction over this action. In the alternative, if the Court determines that it lacks personal jurisdiction, Mr. Sage asks this Court to transfer this action to the District of Kansas.

**Facts**

Bird City Dairy is a dairy farm in Bird City, Kansas. Bird City is a small town located in western Kansas about 28 miles from the Kansas-Colorado border. Pl.'s Resp. Br. at ¶ 8. [#7]. Mr. Sage, a Colorado resident, alleges that as he was driving a semi-tractor through Bird City on Highway 36 on December 14, 2010 he collided with a cow on the highway, causing serious injury to himself and damaging his vehicle. Complaint [#1] at ¶ 6. He alleges that the cow belonged to Bird City Dairy and escaped onto the highway when an employee of Bird City Dairy negligently left open one of the dairy's gates. *Id.* at ¶¶ 5–6. He asserts claims of negligence and

1

violation of Kansas Annotated Statutes §§ 47-122 and 123 that make it unlawful for livestock to run at large and assign liability to owners of the livestock for damages resulting therefrom. *Id.* at ¶¶ 16–23.

**Conclusions**

<u>Personal Jurisdiction</u>

"The plaintiff bears the burden of establishing personal jurisdiction, but where, as here, the issue is raised early on in litigation, based on the pleadings (with attachments) and affidavits, that burden can be met with a prima facie showing." *Shrader v. Biddinger,* 633 F.3d 1235, 1239 (10th Cir. 2011). The Court accepts as true all well pleaded, non-conclusory facts alleged in the plaintiff's complaint, and all factual disputes are resolved in the plaintiff's favor. *Id.*

"To obtain personal jurisdiction over a nonresident defendant in a diversity action, a plaintiff must show that jurisdiction is legitimate under the laws of the forum state *and* that the exercise of jurisdiction does not offend the due process clause of the Fourteenth Amendment." *Far W. Capital, Inc. v. Towne,* 46 F.3d 1071, 1074 (10th Cir. 1995) (emphasis original). Both the Tenth Circuit and the Colorado Supreme Court have held that "the Colorado long-arm statute extends jurisdiction to the greatest extent permitted by due process . . . ." *Grynberg v. Ivanhoe Energy, Inc.*, 490 F. App'x 86, 91 (10th Cir. 2012). Thus, only one inquiry is required, because "we necessarily address the requirements of the long-arm statute when we engage in constitutional due process analysis." *Id.* (quoting *Archangel Diamond Corp. v. Lukoil,* 123 P.3d 1187, 1193 (Colo. 2005)).

When analyzing whether a court has personal jurisdiction over a nonresident defendant, it must consider whether the defendant has "'minimum contacts" with the forum state, such that having to defend a lawsuit there would not 'offend traditional notions of fair play and substantial

justice.'" *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.,* 514 F.3d 1063, 1070 (10th Cir. 2008). "In the tort context, we often ask whether the nonresident defendant 'purposefully directed' its activities at the forum state." *Id.* at 1071.

There are two types of personal jurisdiction: specific jurisdiction and general jurisdiction. A forum state may exercise general jurisdiction when the nonresident defendant has "continuous and systematic" contacts with the forum state. *Helicopteros Nacionales de Colombia v. Hall,* 466 U.S. 408, 414–16 (1984). In the absence of continuous and systematic contacts the forum court may still exercise specific jurisdiction where the nonresident "purposefully avail[ed] itself of the privilege of conducting activities within the forum state," and the action arises out of those activities. *Hanson v. Denckla,* 357 U.S. 235, 253 (1958). When exercising general or specific jurisdiction, the Court must also ensure that exercising jurisdiction does not offend "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. State of Washington Office of Unemployment Comp. and Placement,* 326 US. 310, 323 (1945).

In his response, Mr. Sage argues that this Court may "maintain general personal jurisdiction over the defendant based on the defendant's general business contacts with the forum state." Pl.'s Resp. Br. at ¶ 2. [#7]. Because no party asserts that specific jurisdiction is appropriate under the facts of this case, I will limit my analysis to whether this Court can properly maintain general jurisdiction over Bird City Dairy.

General jurisdiction is a "high burden." *Grynberg,* 490 F. App'x at 94 (quoting *Benton v. Cameco Corp.*, 375 F.3d 1070, 1081 (10th Cir. 2004)). "Because general jurisdiction is not related to the events giving rise to the suit, courts impose a more stringent minimum contacts test, requiring the plaintiff to demonstrate the defendant's continuous and systematic general business contacts." *Benton,* 375 F.3d at 1080 (quoting *OMI Holdings, Inc. v. Royal Ins. Co. of*

3

*Canada,* 149 F.3d 1086, 1091 (10th Cir. 1998)). In its motion to dismiss for lack of personal jurisdiction, Bird City Dairy explains that it is a Kansas limited liability company, and that it owns and operates a dairy located in Bird City Kansas. Pl.'s Mot. to Dismiss at 2. [#6]. In support of its motion, Bird City Dairy submitted an affidavit from Michael McCarty, Bird City Dairy's manager. McCarty Aff. at ¶ 2. [#6-1]. Mr. McCarty asserts that Bird City Dairy does not have any operations in Colorado, does not sell or distribute its products in Colorado, and none of its established suppliers are Colorado companies. *Id.* at ¶¶ 3–5. Mr. McCarty does acknowledge that Bird City Dairy has sent electric motors for repair in Wray, Colorado. *Id.* at ¶ 4. This has happened three or four times in the last three to four years and is not part of a scheduled maintenance program.[1] *Id.*

In support of general jurisdiction, Mr. Sage offers that: (1) Bird City is located less than 30 miles from the Kansas-Colorado border; (2) Denver, not Wichita, Topeka, or Kansas City, is the closest metropolitan area to Bird City; (3) Bird City admits that it has shipped electric motors to Wray Colorado several times over the past few years for unscheduled repairs; and (4) Mr. McCarty's affidavit does not specifically deny other contacts between Bird City Dairy and Colorado. Pl.'s Resp. Br. at ¶ 3–5.

As the plaintiff, the burden is on Mr. Sage to make a prima facie showing that general jurisdiction is proper. The facts asserted by Mr. Sage do nothing more than show that Bird City Dairy is located near Colorado. Proximity alone does not establish jurisdiction; continuous and systematic contacts with the forum state are required to assert general personal jurisdiction. Mr. Sage has not shown any continuous or systematic contacts with Colorado. Accordingly, Mr.

---

[1] In Bird City Dairy's motion to dismiss, it says that motors were shipped to Wray seven times in the past five years. In his declaration, Mr. McCarty estimates that motors were shipped to Wray three to four times in three to four years. Mot. to Dismiss at 2. [#6].

4

Sage has not met his burden to make a prima facie showing that this Court can assert personal jurisdiction over Bird City Dairy.

Mr. Sage also argues that this Court should "conduct an evidentiary hearing prior to ruling on Defendant's Motion [to Dismiss] in order to ensure that all evidence of Defendant's contacts with Colorado are fully disclosed." Pl.'s Resp. Br. at ¶ 4. "District courts have discretion to hold or deny an evidentiary hearing to determine personal jurisdiction." *Fireman's Fund Ins. Co. v. Thyssen Min. Const. of Canada, Ltd.*, 703 F.3d 488, 494 (10th Cir. 2012). Bird City Dairy has offered an affidavit stating that it has almost no contacts with Colorado. Mr. Sage has not offered anything to dispute Bird City Dairy's assertion but rather relies exclusively on Bird City's close proximity to Colorado. Without more, there is no reason to drag the parties into this Court to hold an evidentiary hearing. Accordingly, I decline to hold an evidentiary hearing on the matter of personal jurisdiction.

<u>Transfer</u>

Because I have determined that this Court cannot maintain general personal jurisdiction over Bird City Dairy, the next inquiry is whether this case should be dismissed or transferred to a different court where jurisdiction and venue are proper, namely the District of Kansas. In his response, Mr. Sage has argued that this Court should transfer the action pursuant to 28 U.S.C. §1404(a) or §1406(a). However, the Tenth Circuit has instructed that "after the enactment of § 1631, where the court determines that it lacks jurisdiction . . . the correct course is to transfer the action pursuant to § 1631." *Trujillo v. Williams,* 465 F.3d 1210, 1224 (10th Cir. 2006) (quoting *Ross v. Colorado Outward Bound School, Inc.,* 822 F.2d 1524, 1527 (10th Cir. 1987)). Accordingly, I will analyze whether transfer is appropriate under 28 U.S.C. § 1631.

"The federal transfer statute, 28 U.S.C. § 1631, provides that if a federal court determines that it lacks jurisdiction over a civil action or appeal, 'the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed.'" *Grynberg,* 490 F. App'x at 105 (quoting 28 U.S.C. § 1631). Although the presence of "shall" in the language suggests mandatory transfer, the Tenth Circuit has held that the inclusion of "if it is in the interest of justice" grants the district court discretion to determine whether to dismiss or transfer an action. *Id; In re Cline,* 531 F.3d 1249, 1251 (10th Cir. 2008). Before transferring a case, the transferor court must "satisfy itself that the proposed transferee court has personal jurisdiction over the parties," and determine whether such a transfer is in the interest of justice. *Id.* The parties do not dispute that this action could have been brought in the district of Kansas. Pl.'s Resp. Br. at ¶ 6; Def.'s Reply Br. 3. [##7, 8]. Thus, the determination of whether to transfer this case hinges on whether transferring is in the interest of justice.

The Tenth Circuit has identified three factors to consider in the interest-of-justice analysis: (1) whether the claims would be time barred if filed anew in the proper forum; (2) whether the claims alleged are likely to have merit; and (3) whether the claims were filed in good faith or if it was clear at the time of filing that the court lacked the requisite jurisdiction. *Grynberg,* 490 F. App'x at 105. In his response brief, Mr. Sage acknowledges that under Kansas law the statute of limitations for this action is two years. Pl.'s Resp. Br. at ¶ 6. The accident occurred on December 14, 2010 and, therefore, if the case were dismissed it would be time barred. This factor, therefore, weighs in favor of transfer.

Looking at the second issue, there is at least a colorable argument that Mr. Sage's claims are meritorious. Mr. Sage brings claims under a negligence theory and under Kansas state law.

6

Kansas law provides that "[i]t shall be unlawful for any livestock to run at large." K.S.A. § 47-122. Further, Kansas Statute Annotated § 47-123 provides that "[a]ny owner whose livestock shall run at large, in violation of K.S.A. 47-122 shall be liable to the person injured for all damages resulting therefrom . . . ." Therefore, although I make no determination of whether Mr. Sage's claims actually do have merit, I can say for purposes of deciding whether transfer is appropriate that the claims as set forth in the complaint are "likely to have merit." Thus, factor two weighs in favor of transfer.

Finally, the third factor is whether this case was filed in this forum in good faith. Bird City Dairy argues that Mr. Sage did not adequately investigate his claim before filing and instead "chose to simply file in the nearest courthouse." Def.'s Reply Br. 3. [#8]. While I agree that Mr. Sage has not offered any evidence to suggest that filing in Colorado was a carefully considered decision, there is also no evidence that this forum was chosen in anything but good faith. Bird City is located less than 30 miles from the Kansas-Colorado border in a part of the country that is sparsely populated with Denver being the closest metropolitan area. It is comprehensible that Mr. Sage assumed that Bird City Dairy must have a continuous and systematic relationship with Colorado businesses. I do not think that this factor clearly weighs in favor of or against transfer. Because factors one and two weigh in favor of transfer and factor three neither weighs in favor nor against transfer, in totality, the analysis favors transferring this case to the District of Kansas.

**Order**

Plaintiff's motion to dismiss for lack of personal jurisdiction [#6] is GRANTED IN PART AND DENIED IN PART. The Court does find that it lacks personal jurisdiction over the

defendants but, in lieu of dismissal and in the interest of justice, it hereby transfers this case to the United States District Court for the District of Kansas pursuant to 28 U.S.C. § 1631.

DATED this 8th day of April, 2013.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge