## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

DOUG SAGE,                          )
                Plaintiff,       )
                           )
v.                                      )                    Case No. 13-4039-KHV-TJJ
                           )
BIRD CITY DAIRY, LLC             )
                           )
              Defendant,       )
                           )
                           )

## <u>PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT</u>

COMES NOW the plaintiff Doug Sage, by and through counsel of record, in response to Defendant Bird City's motion for Summary Judgment, alleges and state as follows:

### <u>NATURE OF THE CASE</u>

This matter arises out of a vehicle accident that took place on December 14, 2010. Plaintiff's semi-truck struck Defendant's dairy cow on Highway 36 after the cow had escaped its pen enclosure. Plaintiff brought this action for injuries he sustained in the accident. Plaintiff argues two theories for recovery, first, direct negligence on part of the defendant for violations of K.S.A. 47-122 and 47-123, and second, vicarious liability for the negligent actions of Bird City Dairy's employees. Defendant filed a motion for summary judgment on September 26, 2014 claiming Plaintiff should be denied recovery as a matter of law. Plaintiff responds as follows.

## STATEMENT OF FACTS

1.      Plaintiff admits paragraph one.

2.      Admits paragraph two.

3.      Admits paragraph three.

4.      Admits paragraph four.

5.      Admits paragraph five.

6.      Admits paragraph six.

7.      Admits Defendant did not make cash payments to L&W Hauling for its services and that L&W had no written contract with Defendant. Plaintiff denies L&W was not compensated, as they were allowed to keep and sell the manure they removed for Defendant from Defendant's property. Ex. 1, Deposition of Jacob White, p. 38, lines 8-18.

8.      Plaintiff admits the instructions on how to remove manure came from L&W Hauling, but denies Defendant had no authority to direct manure removal workers. Plaintiff affirmatively states Defendant did supervise and give directions to L&W workers on a daily basis. Ex. 1, Deposition Jacob White, p.10, lines 19-25, p. 11 lines 1-4, p. 12, lines 13-25. Ex. 2, Deposition of Jay Keithline, p. 15, lines 3-25, p. 16, lines 1-4, p. 21, lines 15-20, p. 37, lines 4-16.

9.      Admits paragraph nine.

10.     Admits paragraph ten.

11.     Plaintiff admits Jay Keithline testified that on the day of the accident he was not on Defendant's property, but denies he was not employed by L&W Hauling.

Plaintiff affirmatively states Jay Keithline testified he was employed by L&W Hauling on the day of the accident. Ex. 2, Deposition Jay Keithline, p. 9, lines 21-25, p. 10, lines 1-10.

12.    Admits paragraph twelve.

13.    Admits paragraph thirteen.

14.    Admits paragraph fourteen.

15.    Admits paragraph fifteen.

16.    Admits paragraph sixteen.

17.    Admits paragraph seventeen.

18.    Admits paragraph eighteen.

19.    Admits paragraph nineteen.

20.    Admits paragraph twenty.

21.    Plaintiff admits that no cow has ever escaped from Defendant's property to Highway 36 prior to the incident, but denies no cow has ever escaped Defendant's pens to any road. Plaintiff affirmatively states Defendant's cows escaped from their pens several times prior to the accident, including at least one incident where a cow made it on or near County Road 32, and that Defendant and/or its employees were aware of the incident. Ex. 2, Deposition Jay Keithline, p. 38, lines 12-25, p. 39, lines 1-25, p. 40, lines 1-15.

Additionally, Plaintiff states,

22.    On prior occasions, cows had opened Defendant's gates on their own. Ex. 2, Deposition Jay Keithline, p. 40, lines 4-15.

[3]

23.    Defendant's pens were lit so poorly in the evenings, that at the time of the
       accident it was so dark workers could not see the ground in front of them, and had
       a difficult time telling if the pen gates were properly locked. Ex. 1, Deposition
       Jacob White, p. 19, lines 19-21, p. 29, lines 24-25, p. 30, lines 1-4; Ex. 2,
       Depositions Jay Keithline, p. 23, lines 12-21, p. 27, lines 23-25, p. 28, lines 1-23.

24.    The workers responsible for locking the pen's gate on the evening in question
       worked primarily on Defendant's property, putting in 40 hours a week on the
       premises. Ex. 1, Deposition Jacob White, p. 6, lines 22-24, p. 9, 1-4.

25.    When L&W workers were unavailable to clear manure from Defendant's dairy
       cow pens, other Bird City Dairy employees would clear the pens. Ex. 2,
       Depositions Jay Keithline, p.27, lines 2-10.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate only where the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P.56(c). If there is a genuine dispute over a material fact, than the moving party is not entitled to summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Id*, at 248. The dispute is "genuine" if a reasonable jury could find in favor of the non-moving party. *Id.* Courts should use caution when granting summary judgment in negligence actions because, in the majority of cases, negligence claims present factual determinations for the jury, not legal questions for the court.

[4]

*Hauptman v. WMC, Inc.*, 43 Kan.App.2d 276, 283 (2010). The trial court is required to resolve all facts and inferences which may reasonably be drawn from the evidence in favor of the party against whom the ruling is sought. *Bacon v. Mercy Hosp. of Ft. Scott*, 243 Kan. 303, 306-07, (1988).

## ARGUMENTS AND AUTHORITIES

A.  *A reasonable jury could conclude that Bird City Dairy did not take reasonable precautions to contain its dairy cows.*

Kansas statutes 47-122 and 47-123 require individuals to take reasonable precautions to ensure their livestock does not run at large. Defendant/Bird City Dairy violated Kansas statutes 47-122 and 47-123 by failing to take reasonable precautions to contain their dairy cows, which ultimately resulted in Plaintiff's injuries. Defendant contends they did take reasonable precautions to contain their livestock, and therefore, are entitled to summary judgment as a matter of law. However, a genuine dispute exists over facts, which when examined in light most favorable to the Plaintiff, would allow a reasonable jury to determine Defendant did not take reasonable precautions to contain its dairy cows on the night of the accident.

Defendant relies heavily on *Wilson*, an unpublished Kansas Court of Appeals case involving a mule who escaped its pen and was struck on the highway. *Wilson ex rel. Estate of Rice v. McDaniel*, 2014 WL 3019946 (Kan. Ct. App. June 27, 2014). The Kansas court granted summary judgment to the owner of the mule because the Plaintiff could not show *any* evidence of how the mule escaped its pen, or that the defendant had in some way failed to exercise reasonable care. *Id.* at *5. The *Wilson* court found that the plaintiff could not present evidence that the mule had escaped the gate before. *Id.* In

*Cooper*, the Kansas Supreme Court upheld a verdict in favor of the Plaintiff who suffered injury after striking a horse on the highway. *Cooper v. Eberly*, 211 Kan. 657, 670 (1953). In support of its decision, the court noted that the defendant was aware of previous times the horse had escaped its pen, and therefore, found the owner owed a duty to take reasonable precautions to prevent future escapes of his horse. *Id*. at 669.

Here, the Defendant argues this case is similar to *Wilson*, stating "Plaintiff cannot cite to any testimony or documentation that supports Bird City Dairy's gate, signage, locks or lighting was not sufficient." Defendant's Motion for Summary Judgment, p. 6. Defendant also alleges cows had never previously escaped from Bird City Dairy pens. *Id* at p. 7. However, the Plaintiff has elicited testimony establishing Defendant failed to adequately light their pens and that dairy cows had frequently escaped from their enclosures.

On the night of the accident, Bird City Dairy failed to adequately light their pens. Witness Jay Keithline, testified he would not work the pens at night because of "Cows getting out, because you can't see where they're at or a gate's not getting latched all the way 'cause people are in a hurry." Ex. B, Depositions Jay Keithline, p. 23, lines 19-21. Keithline went on to describe the lighting as inadequate at many of the pens, stating " . . . its not very well lit. It's pretty dim . . . you can't see where you're walking. Can't see the ground." Ex. B, Deposition Jay Keithline, p. 28, lines 8-11.

Jacob White testified he was there when the pens were allegedly being locked on the night of the accident by Jay Keithline. When asked if Keithline followed the gate locking procedure, White testified "As far as I could see, yes. It was dark" " . . . he may not have closed the gate properly. It's hard to tell." Ex. A, Deposition Jacob White, p. 19,

lines 19-21, p. 30, lines 3-4. The testimony regarding the dimly lit gate is sufficient to show Defendant/Bird City Dairy failed to provide adequate lighting for the gate to their dairy cow pen, resulting in the gate being improperly locked. A reasonable jury could find the dimly lit gate constitutes a failure to provide reasonable care to enclose the animals.

Additionally, similar to the defendant in *Cooper*, Defendant/Bird City Dairy had dairy cows escape from their pens on other occasions. Witness Keithline testified he had seen cows which had escaped from their pens on at least 6 occasions, including one where a cow wandered on or near County Road 32. Ex. B, Deposition Jay Keithline, p. 38, lines 12-25, p. 39, lines 1-25, p. 40, lines 1-15. On this incident, Keithline said Bird City employees were chasing after the dairy cow and trying to keep it out of the road. *Id.* This evidence is sufficient to show Bird City Dairy or at least its employees were aware of cows escaping to nearby roads in the past, triggering a duty for Bird City to take reasonable care to prevent future escapes. Keithline further testified he had seen dairy cows open Defendant's gates on their own. *Id.* This evidence is sufficient to allow a reasonable jury to determine Defendant's gates were insufficient to contain the dairy cows, and therefore, Defendant did not exercise reasonable care to enclose the animals.

Finally, Defendant attempts to muddy the waters by arguing for summary judgment because Plaintiff cannot establish who *exactly* left the gate open. Defendant points out witness White says witness Keithline was the last to leave the gate, and witness Salais says witness White was the last to leave the gate. Defendant's motion for Summary Judgment, p. 8, 9. However, it is undisputed that at least one of the two was the last to leave the gate, and it doesn't matter which one. The amount of Defendant's

[7]

liability remains the same no matter which of the two workers the jury believes was the last to lock the gate. Defendant cannot escape liability as a matter of law because there is conflicting testimony about a non-material fact.

The touchtone of *Wilson* and similar cases relied on by Defendant, is there was no evidence exactly how the animal owners failed to exercise reasonable care to prevent an escape. Here, there is sufficient evidence for a reasonable jury to conclude the escape was from an improperly locked gate as a result of dim lighting conditions, a dairy cow who opened the gate on its own (as cows had done on prior occasions at Bird City Dairy), or a combination of both. Therefore, Plaintiff has established a genuine dispute over whether Defendant failed to exercise reasonable care to secure their dairy cows. Defendant's motion for summary judgment should be denied.

    **B.**  *A reasonable jury could find L&W Hauling workers were agents of Defendant/Bird City Dairy.*

If the Court determines Defendant acted with reasonable care in regard to the gate to the dairy cow pen, Defendant's motion for summary judgment should still be denied. The Court should determine L&W Hauling workers were agents of Defendant while on Bird City Dairy property. As such, Defendant is still vicariously liable for L&W Hauling workers leaving open the gate to the dairy cow pen.

Here, Defendant/Bird City Dairy directed and supervised L&W Hauling workers on a daily basis. SOF ¶ 8. While at the Bird City Dairy, L&W Hauling workers were under the control of the Defendant, and even regularly operated a piece of Bird City Dairy equipment. *Id.* This direction included what pens would be emptied and when. As L&W worker Keithline testified, "(Defendant's) instructions were instructions at the

[8]

dairy. When you're at the dairy, this is what you do. When you go out the front gate . . . (L&W Hauling) was the boss of what we did." *Id.* The L&W Hauling workers who were responsible for the gate the night of the accident, worked primarily on Bird City Dairy property, putting in 40 hour work weeks on the premises. SOF ¶ 24.   As agents, Defendant is vicariously liable for L&W Hauling worker's actions while performing a duty in the furtherance of Bird City Dairy's business.

Further, the principal of statutory employees under Kansas law supports imputing vicarious liability on Defendant for L&W workers negligent actions. While normally used in the context of workers compensation cases, the public policy behind the creation of statutory employees applies similarly to the harms workers suffer and the harms they cause.

K.S.A. 44-503(e) extends the application of the Workers Compensation Act to certain individuals or entities who are not the immediate employers of the injured worker. *Hollingsworth v. Fehrs Equip. Co.*, 240 Kan. 398, 402. These workers are referred to as statutory employees. The Kansas Supreme Court has observed the principal purpose of K.S.A. 44-503(a) is

> "to prevent employers from evading liability under the act by the device of contracting with outsiders to do work which they have undertaken to do as a part of their trade or business."

*Bright v. Cargill*, Inc., 251 Kan. 387, 392 (1992); quoting *Hoffman v. Cudahy Packing Co.*, 161 Kan. 345, Syl. ¶4 (1946).

Under this principal, if the work being performed by the independent contractor's employee is necessarily inherent in and an integral part of the principal's trade or

business, than the worker is considered to be a statutory employee. *Bright*, 251 Kan. At 392.

Here, Defendant admits in their motion for summary judgment, that having manure removed from its facility is a regular part of its operation. Defendant's Motion for Summary Judgment, p. 11. When L&W workers were unavailable to clear the pens, Bird City Dairy's workers would clear manure from the pens themselves because it needed to be done as a regular part of the business of keeping dairy cows. SOF ¶ 25. Locking the gates to contain the dairy cows is also a regular part of that business. Under these facts, L&W workers would be statutory employees. The court should find Defendant liable for negligent actions undertaken by their statutory employees. Defendant/Bird City Dairy should not be able to evade liability for negligent actions undertaken in the furtherance of its business simply by delegating out a normal part of its operation.

This court should determine that while on Bird City Dairy property and acting in the furtherance of Defendant's business, L&W workers were agents of Defendant/Bird City Dairy. Defendant does not dispute L&W workers were the last to close the gate in question, and therefore can be found vicariously liable if the gate was not closed properly due to L&W worker's negligence. Sufficient facts exist when looked at in the light most favorable to the Plaintiff, that a reasonable jury could find L&W workers were Bird City Dairy employees. The Defendant's motion for summary judgment should be denied.


C.  *Securing the gate to the Dairy Cow Pens was a non-delegable duty.*


[10]

Even if the court finds the L&W workers were independent contractors of Bird City Dairy, Defendant is still liable to Plaintiff because securing dairy cows in their pens is a non-delegable duty.

The Restatement (Second) of Torts describes liability on behalf of employers for negligence in selection of contractors. In pertinent part it reads,

> "An employer is subject to liability for physical harm to third persons caused by his failure to exercise reasonable care to employ a competent and careful contractor . . . (b) to perform any duty which the employer owes to third persons."

Restatement (Second) of Torts, § 411(b).

Restatement § 411 was first adopted in Kansas in *McDonnell v. The Music Stand, Inc.*, 20 Kan.App.2d 287, 293 (1994). When a statute or other ordinance gives rise to a duty, the party responsible cannot contract out responsibility for fulfilling that duty and avoid liability for the breach. *Hauptman v. WMC, Inc.*, 43 Kan.App.2d 276, 285-86 (2010). This principal is referred to in Kansas law as a "non-delegable duty." *See Dillard v. Strecker*, 255 Kan. 704 (1994). While some limited exceptions to the rule exist, none fit within the facts of this case. *Id*. at 726-27 (finding a landowner not liable for a breached non-delegable duty which injured their own independent contractor's employee).

K.S.A. 47-122 and 47-123 impose liability on the owners of livestock when a person is injured from their livestock running at large. The owner of livestock must exercise reasonable care to keep his or her animals contained. *Clark v. Carson*, 188 Kan. 261, 264-65 (1961). Because this duty of care is imposed statutorily on livestock owners, it is a non-delegable duty, meaning a livestock owner cannot escape liability by assigning this duty to another party.

Here, even if L&W workers are determined to be independent contractors, the duty to contain Bird City Dairy's cows still rests with Defendant because the duty is non-delegable. If it is determined that L&W's employees were negligent in failing to lock the pen gate, Bird City Dairy is still liable to Plaintiff for injuries caused by the breach of this non-delegable duty. Even if the court determines L&W employees were independent contractors of Bird City Dairy, Defendant's motion for summary judgment should still be denied.

<u>**Conclusion**</u>

Plaintiff has put forth sufficient facts that when considered in the light most favorable to the Plaintiff would allow a reasonable jury to find Defendant in violation of K.S.A. 47-122 and 47-123 for failing to exercise reasonable care in containing their livestock. In support of its second theory for recovery, Plaintiff has also put forth sufficient facts for a reasonable jury to find L&W workers were employees of Defendant, and therefore Bird City Dairy is vicariously liable for Plaintiff's injuries. If L&W employees are found to be independent contractors instead of employees, Plaintiff has shown facts sufficient to show Defendant is liable under the doctrine of non-delegable duties. Defendant's motion for summary judgment should be denied.

Respectfully submitted,

  /s/ Roger D. Fincher
**Roger D. Fincher, #16090**
BRYIN, LYKINS, HEJTMANEK &
FINCHER, P.A.
222 West Seventh Street

[12]

P.O. Box 797
Topeka, KS 66601-0797
rdfincher@ksjustice.com
Telephone:     785-235-5678
Telecopy:      785-357-1729
ATTORNEYS FOR PLAINTIFF